You will hear argument now in United States v. McIntosh and related cases. Counsel for the appellant, you may proceed. Good morning, Your Honor. Before you do, counsel, I should ask, you've accounted for, or the other side, I suppose, has, no, no, that's right. The other side. There are 7, 5, and 5. That's 17 minutes. I don't see any time assigned to Kamal Skipper. Is Mr. Martikin going to speak for her, or will she have separate time? Your Honor, good morning. I will argue for all the government sides. Ms. Skipper, for our nation's interest, will probably adhere to the Washington case before that question. Oh, very well. Very well. Thank you. I just want to understand the allocation of time. Counsel, you may proceed. Yeah. May it please the Court, I'm Mark Zilversmith for Appellant McIntosh. To Zilversmith. And I'd like to reserve 3 minutes for our side for rebuttal. And as the Court noted, I will be passing the microphone on to the— Could you speak up a little? I'm in a hard time hearing you. Thank you. Yes. I would be passing the microphone on to Mr. Fischer and Mr. Farkas, who represent the This Court must give force to the intent of the statute. Counsel, before you get into your argument, let me ask you, will this case be moot as of Friday? As of Friday because of the spending? December—this spending clause expires. That's 538 expires on the 11th of December, which is this Friday. That's correct. And I believe that a new provision has been passed by Congress, and I believe that my co-counsel has sent the Court a 28J letter with the details on that. I did not— Has the President signed it? I would reserve that question for my co-counsel. As far as I know, no. Let's just be following up on Judge O'Scanlan's point. Suppose it hasn't yet been signed into law. Would it then become moot on Friday? It would become moot possibly for a few days. The government has argued that this case is not moot, and that's one of the reasons they say that we can go forward. I'm asking you. My reason that we should go forward in an interlocutory appeal is because of the risk of mootness if Congress does not renew this statute. The government has asserted that we can continue to raise that on appeal, and therefore the Court should send it back and deny us jurisdiction to raise this issue. But it's my issue. It's a spending—Congress can change it whenever they want to. And if they change it, then I don't have an argument anymore. Very well. Proceed with your argument, counsel. But the spending prohibition is very clear. The DOJ can't be spending money, can't be using the salaries of the prosecutors, can't be using the DEA and all the law enforcement agents under the blanket of the DOJ to interfere with the implementation of state marijuana laws. And in California, we implement those by licensing dispensaries and growers to grow and distribute medical marijuana to needy patients with licenses. Counsel, when I first started preparation on this case, I was really quite stunned that someone in your client's position could have standing to invoke a provision in a spending bill out of Congress. And then I read bond. So will you help us figure that out? And to what extent is bond controlling? I assume the other side may have a different view. Well, that was the query that Judge Chesney had trouble with. But the government does not dispute that we have standing to challenge this. We have Article III standing because they are spending the money that they are prohibited from spending, and we have a direct interest in it. They're seizing my client's property, and they're putting him under penalty of going to prison for 10 years. So he has Article III standing because he has an injury that can be directly traced to the government's illegal spending of funds. Okay. Well, getting into the merits of the limitation, what is it that is prohibited here in your view? The spending of funds in ways that prevents the states from implementing medical marijuana laws. Well, that's very generic. What is it that would specifically apply in your case? Well, they are prosecuting my client for the exact medical marijuana conduct that the state has explicitly authorized him to undertake, which is to go to the city and county of Los Angeles, get permits and tax registrations to distribute marijuana, and to distribute that marijuana only to patients who have permits. How do we know he's doing that and not selling it to kids or, you know, other recreational users? Because there's no evidence that. Well, that's because we haven't had a trial yet or a hearing. Well, how could I prove a negative? Well, that's my question. What do you want us to do, just take your word for it, or does the judge have to have a hearing? Well, if the state, if the federal government, what you're saying, as I believe, Judge Silverman, is that the federal government could go in and say you're not doing up to the letter of the law, there's some health regulation, you don't have an ADA toilet in your facility or something like that. No, no, what I'm saying is they've charged this guy with violating federal law for cultivating over 1,000 plants or something like that. That's correct. You say he's got some right under state law to do this, and I'm saying how do we know that that's what he's doing? I mean, if you're right, shouldn't the judge hold a hearing and make at least a determination whether you've got kind of a prima facie showing that you're operating under California law and then they can show that, no, he's not, and then you're off and running? Well, I think we did make a prima facie showing. I think a prima facie showing is the standard or some evidence standard that the court used in Superintendent v. Hill. Was there a hearing? I relied on the state's own allegations and their sworn declaration in their complaint. I take it, getting back to my question, was there a hearing? An evidentiary hearing? No. I asked the court if my point was we didn't need an evidentiary hearing because my point is that once the defendant presents some evidence or a prima facie case that he's operating under state law, we cannot have the federal court deciding regulatory compliance issues with respect to medical marijuana without the federal government and the DOJ spending money improperly to interfere with the state's own regulation. So I believe the standard should be a prima facie case that the defendant or the dispensary or the grower or the patient is operating under the state medical marijuana law. And how do you make that prima facie showing? We had permits. We had dispensary permits. Did that give them the right to smuggle marijuana in from Mexico? Does it give who? Give the right, anybody with a permit, the right to smuggle marijuana in from Mexico. That would not, they would not have the right to smuggle marijuana in from Mexico. Okay, so I'm saying your guy's indicted. You come forward and say he's got a permit, and then I'm not sure where we go from there. He gets passed or he gets a dismissal? If they stop spending money, I think where we go from there is the federal government butts out. But if they brought in a border seizure case, that's completely different. That's wholly out, one thing the government said is how do we know he's not acting wholly outside the state marijuana scheme? Counsel, you mentioned permits. Does the record show that McIntosh, Lovan, Malathong, Suthi, Cuthon, and Keniston all have permits? I cannot speak to the other cases. I believe that they do have permits. But in the McIntosh case, I'm the only offendant here on appeal, and we did have permits. We had dispensary permits. We had tax registrations for those buildings from the city and county. We had a police commission permit. All of those dispensaries were permitted. And the state has come back and said there's all these regulations that you're not in compliance with. But most of those, the court will note, are based on a Los Angeles municipal statute that was passed after they seized that dispensary. So your argument is that possessing a permit is a sufficient defense against the, or sufficient to qualify you within the meaning of that spending clause? Yes. Even if you're not in compliance with the permit? Your Honor, I don't think the federal government should be enforcing compliance because they've shown they don't know anything about the state compliance, and that's commandeering. They're not enforcing the California law. If the federal government can prove that you're not operating within the parameter of your permit, let's say there's a reasonable amount of plants would be 100 or 200, and in the Low Van case they had 30,000. But doesn't that allow the federal government to prosecute for violation of the Controlled Substances Act for crimes that are not made immune by California law? If we were clearly operating out, selling marijuana outside the parameters of the permit, such as importing from Mexico, or selling a banned amount of marijuana, or selling it out of the back of the car. But isn't that what the indictments say, that you're operating outside the limits of the California Act? Absolutely not. Absolutely not. The indictment says we're selling the marijuana that we're selling in our dispensary. It doesn't say that. It says you've cultivated over 1,000 plants. We don't know what you're doing with it. Then you come forward and you say I have a permit, and then unless you say the permit gives you a total buy, just a total pass, I don't see how we know whether you're operating within the permit or without the permit unless the judge has some kind of hearing to determine whether you are or you aren't. Well, I said we're in compliance. But I gather there was no hearing with respect to compliance, was there? No, I said if you need further evidence, we'll present it, but we have the evidence of the permits, and they have not come forward and said you're selling too much marijuana, or you're selling to the wrong people, or you're importing from Mexico. Maybe the judge erred in not giving them an opportunity to rebut your permit. Maybe you're entitled to a – you wanted to make a showing, and maybe she should have let you make a showing. Yeah, well, my position, to be clear, is that a prima facie or a non-frivolous claim of marijuana should be sufficient, medical marijuana, should be sufficient to prevent the government from spending. Otherwise, we're going through this, and they're continuing to spend money in order to commandeer the state law and in excess of their authority under the spending limitation. Counsel, your side only has nine minutes left, so – I will defer to my colleagues. Thank you, Your Honors. You may do so. Good morning, Your Honors. Bob Fisher from the Federal Defenders Eastern District of Washington. I represent Jared Kiniston.  Your Honor, I've listened to the panel's questions, and I want to make clear from the outset that I believe that Section 538 deals with medical marijuana and only medical marijuana. It does – and what medical marijuana does, what it necessitates. It allows states to implement their own medical marijuana laws. It says nothing about compliance. It says nothing about whether you should look at 1,000 plants, 500 plants, 47 plants. What Judge Nielsen did in our case is he adopted Judge Rice's case, another district court judge in our district. And Judge Rice set out an order that said, yes, I agree. Section 538 does stop the Department of Justice from prosecuting people who are in compliance with medical marijuana laws of those states, like our state, Washington. What the judge did then was pull an exception and looked at Section 538 and said, but you have to be in compliance with Washington state law. And because you're not in compliance with Washington state law, and because you have over 1,000 plants, our case had 538 plants. But Judge Rice's order in Sousa Bay said because there's over 1,000 plants, no affirmative defenses apply to you. How many are you allowed to have in Washington? Is it 40-some-odd plants? That's the issue, Your Honor. Numbers are not – the numbers don't matter. What matters is, is it medical necessity. We have in the state of Washington three affirmative defenses and a common law defense, medical necessity defense, in the state of Washington that can be used affirmative defenses. Affirmative defenses, as this court knows, is a question for the jury. It's not a question for a judge. How many plants – get back to my question – how many plants does Washington let somebody grow? Is it 54 or 45 plants, something like that? Under Washington law, Section 6951A-040 allows for 15 plants per person, 45 plants per. And your guy's charged with over 1,000. Our guy's charged with 538 plants and 677 pots that may or may not have marijuana. So – Does the federal law conflict with Washington law? Federal law conflicts with Washington law, certainly. How so? Well, federal law does not allow for any medical marijuana. There's no Compassionate Use Act. But it doesn't conflict when you – when the permitted amount is 15 and you have 567. Well, here's – As soon as 552, the laws are the same. Well, that's the rabbit hole that I don't want this court to go down, to look at the plants and at the medical necessity. Because 040 says 15 and 45. Section 6951A-045, which I mentioned in my briefing, says that a qualified patient or designated provider in possession of plants, marijuana, concentrates, et cetera, exceeding limits set forth in this chapter, but otherwise in compliance with other terms and conditions of this chapter, may establish an affirmative defense to charges of violation of state law. So what it's saying is, as did the most recent cases in Constantine and Brown in Washington, that it's not the number of plants that matters. You can exceed the plants as long as you have a medical necessity defense. What case says that? Washington v. Brown. Washington v. Constantine. Washington v. Brown is? And Constantine. What court is that? This is my opening brief at pages 18 through 19. At footnote, beginning at footnote 4, page 18. And that mentions State v. Brown, State v. Constantine. What court is that? I don't have the brief in front of me. It's in the office. Oh, I'm sorry. Yeah. Page 18. That's of your brief? Yes, sir. What court decided State v. Brown? Was that the Washington Supreme Court? The Washington case, yes, Your Honor. Very well. Counsel, you're down to three and a half minutes for your side, so I just want to let you know. Okay. State v. Brown, 181 Washap, 756, it's Division III. We have State v. Constantine. And in support of our cullible argument, our argument for cullible claim of medical marijuana defense, another attorney who is very cognizant of State law in our case, also mentioned Washington v. Kurtz, which is a Supreme Court case in Washington, which allows for medical necessity defense common law. Very well. Good morning, Your Honor. Andres Vargas on behalf of Iain LeVon and related defendants from the Eastern District of California. In our case, the district court agreed that Section 538 grants it the power to review whether defendants were in compliance with the Compassionate Use Act, and if they were, then the prosecution could not proceed. However, the district court erred by delaying the determination of compliance until after a jury verdict. Any factual finding that the jury makes in this case will be without the benefit of California's cooperative defense, which allows, and we are the case that had 30,000 plans, that allows for multiple people with multiple recommendations to get together and grow marijuana. It even allows one person to grow marijuana for multiple other people that have permits. So the court erred by relying solely on the indictment, which was returned by a grand jury that didn't have the benefit of California law, didn't have the benefit of seeing our clients' medical marijuana permits, and didn't have the benefit of the Compassionate Use Act. If you're going to ask the same question I asked of Mr. Zilbersmith, if you come forward with a pretrial motion with a copy of your permit, what is the judge supposed to do at that point? I believe the judge should hold a hearing and determine whether we've made out a prima facie case that we are in compliance with California law, and at that point, I think that— And what do they get to do? What does the government get to do at that hearing? They can present their evidence that they believe we're in a conspiracy to manufacture over 1,000 plants, and we can present our evidence that says, no, what's happening here is a cooperative, which is permitted under California law, and California law has a very comprehensive scheme to regulate medical marijuana, and part of that is providing for this affirmative defense that would be available if this case was in state court. We won't be allowed to raise that. That's under the Supreme Court's decision in Oakland Buyers Cooperative. We're not allowed to raise that in federal court. The jury would never hear that. So that the jury, after a jury trial, we would have a factual record that is based on federal law, not on state law, and at that point, the district court proposes to hold another hearing in order to determine whether we were in compliance with state law based on a record that doesn't involve the cooperative defense. And that's why we believe we are entitled to a hearing prior to this case going to the jury before any further funds are spent in violation of Section 538. Thank you. Thank you, counsel. We'll hear from the government. May it please the Court. Good morning, Your Honors. Owen Mardikin, arguing for the United States. The Court should not exercise jurisdiction over this interlocutory appeal, but if it chooses to do so, it should interpret Section 538 according to its plain language and not apply it here. I'd like to speak briefly— Well, what about 538 on its expiration on December 11th? What do we do with that? The chances of our deciding this case before December 11th are not very great. I think it could moot the issue, Your Honor. Is that the government's position? Well, yes. If the limitation goes away, all that's happened under the limitation is that we've litigated this issue, which has not yet been decided. So if the limitation goes away, the issue would become moot. Now, Mr. Mardikin, you started off by saying we should not exercise our jurisdiction to hear this appeal. And there are two grounds I can think of. One is it's not an appealable order. And second is there is no standing. Which are you mentioning? It's not an appealable order, Your Honor. Okay. You're conceding standing? Yes, we are, Your Honor. But I think under the collateral order doctrine, there are two weaknesses with this appeal. And understanding the Court may have gone past that point, but I'd like to address it anyway. The first is that it hasn't been conclusively determined. Two of the district judges in the California cases specifically noted that they were not conclusively determining the issue. They were just going on a failure to meet a burden of proof at that point. But even with respect to the Washington case, this is the kind of an issue, as the Court has been able to tell from the defense argument so far, where the facts could constantly change and where the factual record post-trial might be different, or at least could be different, than pretrial. So I don't think the Court can say that at this stage, we're on a very sparse record, virtually no record presented at all by the defense, the Court could say it's been conclusively determined. I'd also like to note, as far as the test for separability from the merits, basically what the defense is asking for here would be allowing an interlocutory appeal in every single marijuana case, because this is an issue that is linked with the merits of any medical marijuana case. Counsel, in the record it appears that they asked for an injunction. So why isn't this an appeal from the denial of an injunction? Well, in one of the cases, in the Northern District of California case, they mentioned an injunction in passing but didn't argue for it, and the district court certainly didn't consider it. The district court in the Northern District of California case treated the motion as a motion to dismiss. In the other cases, they haven't shown an irreparable injury. This is not a right not to be tried. There is not an irreparable injury if they have to raise this issue. Well, it's a right not to be harassed and or tried by the U.S. Department of Justice. Isn't that good enough? No, Your Honor, because in the posture of these cases, these cases were all indicted. The indictments were all returned before this rider went into effect. So this is not a case where they did not have a—they had some right to be free from being charged. Once they'd been charged, they have the obligation to stand charged. Now, if they get— Except that you don't have the authority to do anything further. You're stopped in your tracks if that Section 538 is effective. We are, but what I'm saying is that for purposes of the denial of an injunction ground for interlocutory appeal, that's not an irreparable injury. They may claim that we shouldn't have prosecuted them. That's an injury that they can raise post-trial. They've been properly indicted. They don't have a right to avoid trial the way, say, an incompetent defendant might have that right. Is your claim based on the idea that they can recover in damages of law, which will be sufficiently adequate so that they don't have to stop prosecution by criminal prosecution? I don't understand what you're saying. No, my point is that they can raise any claim for remedy that they want post-conviction, just like any other— similar to the police when they claim qualified immunity, is not to be prosecuted, not to have to go to court at all, because you're not allowed to spend your money to put them into court. All they can say, Your Honor, if they go to trial, is that the money that the government spent in trying and convicting them was improperly spent, and perhaps they're entitled to it. Say, if you're using government money, we can't be tried by you. Yes. Now, maybe if you're taking the position that government prosecuting them is not spending government money, is that the position you're taking? They're all doing it for free? The position is that if they're improperly tried, just as if any kind of proper motion to dismiss was denied and they shouldn't have been tried, they can raise that afterwards and argue, if they want to, that, say, the conviction should be vacated, and they shouldn't be tried unless the government has the money in order to try them. Let's assume we have no standing problem, we have no collateral order problem. Let's get down to business. If you charge these guys with cultivating over 1,000 plants, they come in with a motion to dismiss and attach their marijuana card. What's supposed to happen at that point? Well, I think that's the big question. There is no body of law about what's supposed to happen. Unless this court interprets the statute according to its plain language, in which case it wouldn't even apply to this case, this court is put in the position of directing district courts to create this whole body of procedure that is certainly not. What is the plain language of the statute, and how do you interpret it? The plain language prohibits the Department of Justice from spending money under this particular budget bill to prevent states with medical marijuana laws from implementing those laws. Implementing their own state laws that authorize the use, distribution, possession, or cultivation of medical marijuana. Yes. It's pretty broad. It's broad, but it's focused on state action and on the Department of Justice action vis-à-vis states, not vis-à-vis individuals. But that interpretation is totally superfluous. The federal government can't tell the state who to prosecute or not, can they? They could enjoin a state law. They could bring a case to enjoin a state law that they thought conflicted with federal law. They could prosecute a state official or a state agent who is acting in furtherance of a state law, but technically in violation of the Controlled Substances Act. So there are things that are prohibited by this statute's plain language. But to make the jump, the intuitive jump that this prohibits the prosecution of individuals who are in compliance with state law, we don't know what it requires, which is the problem. We don't know if it requires an evidentiary hearing followed by immediate interlocutory appeal in every single marijuana case. Why wouldn't that be a good way to go? Because it's standardless, Your Honor. This law is vague enough to be standardless. Well, if you charge them with a federal crime and they come forward with prima facie evidence that they're in compliance with state laws that authorize the use, distribution, possession, or cultivation of medical marijuana, why isn't that something a judge could easily determine, whether they are or they aren't? I think this Court's discussion with defense counsel shows how difficult that is because the district court then has to put its – the state becomes a silent partner to the prosecution, and so does the locality because state law is not simply that body of state law. It's also a body of law with reference to local ordinances. Why isn't this something a judge could easily determine? They say we're in compliance, and then the burden would shift to you. They've got a license that say we can do this, that, or the other thing, and then you come forward and say our evidence would show that they're not in compliance, and then the judge would decide. I mean that's the kind of thing judges do all the time. Well, for one thing, they could say they're in compliance with state law. Yeah. They may not be in compliance with local ordinances. Well, then they lose. Well, true, but that requires the judge to become an expert in every marijuana case on state laws that change, on local ordinances that change. They have to become expert on every new law that Congress passes. I mean that's not a problem, is it? Well, it's a problem if it forces a standardless evidentiary hearing in every single case where just by virtue of bringing this motion, they are allowed to force an evidentiary hearing, and the district court has to create a body of law about what their showing has to be and what our showing has to be and what the state actually wants because the state isn't filing amicus briefs here saying, well, this prosecution is in accordance with our policy of medical marijuana. This one isn't. So the judge has to guess at that, and state politics, state policies are going to change year by year. I must be missing something. I foresee this is fairly simple. They come forward and say we have a license issued by this particular government entity, and because we're in Bumblebee County or wherever it is, we're allowed to do this, that, and the other thing, and that's what we're doing. And then the judge says, okay, now government, are they right or are they wrong? And then you say Bumblebee only allows 50 and they've got 1,000 or whatever it is. I mean that seems to me a pretty easy thing to determine. Well, I don't think it's that easy because I think their showing would have to be, I mean, for example, if the court looks at the week showing in these cases, there's a reference to permits. Those permits aren't in the record. Well, then they lose. But then they have to put on witnesses to say what those permits mean, how many we have to measure, their distance to a school. We have competing experts that talk about how you measure those distances. We do that all the time. But it would happen as an evidentiary hearing with interlocutory appeal now in every single marijuana case. It would force creation of a body of law based on this two-sentence writer that doesn't even say anything about that. The writer doesn't say as the unsuccessful attempt by the same representative to amend the Controlled Substances Act did two years earlier where there was an attempt to actually create an affirmative defense for people acting within state medical marijuana law to the Controlled Substances Act. That failed. So now we have this law that says something completely different, which refers to the DOJ's action vis-a-vis states. It says nothing about how individual prosecutions are to be handled. It frankly says nothing about how civil suits are to be handled because there can be civil suits that raise this issue as well. There could be criminal environmental prosecutions that raise this issue. For example, if the federal government prosecutes a dispensary for violating environmental laws, forces it to shut down, if that dispensary is in compliance with state marijuana law, does that mean we're conflicting with the state policy in that case as well? Do we have an evidentiary hearing and an immediate interlocutory appeal in those cases as well? Counsel, I want to go back to your comment about if I understood it correctly, you conceded standing. Yes. Is that based on the bond decision? Well, I think it's based on the fact in general if someone is being prosecuted, if they're correct, that prosecution is an injury. If their interpretation is— I guess I want to focus more on what is it that gives a defendant standing to invoke a spending clause or a spending rider in a spending bill? Typically, they would not have that standing. Right. So what is it that allows it in this case that apparently the government agrees? Well, it would be their interpretation that it limits prosecutions of individuals. And the government agrees with that? We don't agree with that interpretation, but if that is the correct interpretation, then they would be having suffered an injury in fact. I'm confused. I thought you said earlier that you were conceding standing. Am I wrong? We are conceding standing, correct. Okay. Based on bond? Yes. Okay. So they're—based on their interpretation of this spending rider as affecting the prosecution of individuals. We don't share that interpretation of the statute, but the prosecution would cause them to suffer an injury in fact. Wasn't bond the case where the miffed wife poisoned a letterbox and she was prosecuted under some terrorist—what does that have to do with separation of powers? With separation of powers? Yes. I mean, why do you think that bond gives them standing? Your Honor, I—no. I'm sorry. Let me be clear. You are aware that even if you concede standing, it is our duty in the Ninth Circuit's corresponding to examine standing? Yes. I do understand that, Your Honor. Our position is just that their prosecution, if their interpretation of this rider is correct, would be an injury in fact. So if their interpretation is not correct, then they shouldn't be raising it at all. Then they wouldn't have standing. Let me ask you another question. Is the Washington guy in a different boat than the California defendants? I don't think so, no. There are apparently an open-ended number of plants you can have under California, if I understand California law. I thought there were hard numbers what you could have in Washington. Do I have a misunderstanding about that? The counsel was talking about the state versus Brown in other cases. Well, I think that—and again, I think this is a problem about having federal courts determine what the import of these state appellate court decisions is in every case. But in Washington, there are hard limits per collective, per individual, on number of plants. In the California, the Eastern District case, there are 30,000 plants. I think there were marijuana cards proffered that might allow about 1.5% of that number of plants, less than 400 plants. In the McIntosh case, the issues are different. There are numerous violations. I mean, the allegation is that this is basically a business run by a street gang and that they were violating a lot of the state laws and ordinance having to do with location of facilities. So they are in different boats. They're in different factual boats, but they're all in the government's position not in compliance with state law. So they're in the same boat as far as we're concerned in that they haven't made any kind of showing. How do we know that they're not in compliance with state law? First of all, I mean, I guess the burden is on them to show they're in compliance. They failed to meet that burden. We did there. Was there a hearing? There were not evidentiary hearings. How do we know if they're in compliance or not in compliance? Well, in the Northern District California case, there's a complaint under penalty of perjury that sets forth a personal knowledge of facts that would show they're not in compliance with state law. The cases indicted in the other cases were indicted based on an amount of number of plants that was vastly in excess of what would be allowed by state law. Counsel, you said, if I heard you correctly, that the permits are not in the record in this case? No, they're not. Expand on that. We heard from the other side that all of these defendants have permits. Not correct. There is a complaint affidavit. The complaint affidavit refers to a search warrant that was executed at some of these facilities where a couple permits and tax certificates were found. That's the extent of that statement. Those actual permits are not in the record. What they stand for is not in the record. Whether those tax certificates mean anything more than a tax was paid, none of that is in the record. Well, if they were in the record and the defense, we've heard that they invoke it, wouldn't the trial court have to decide whether the possession of a permit is sufficient to qualify within the language of this statute? Well, it might be necessary, but not sufficient. In other words, if the federal government is ignoring the possession of a permit, wouldn't that be interfering with the state program on medical marijuana? Not if the permit may be evidence that they got a permit, but it's not evidence that they didn't employ a minor or that they didn't have armed guards smoking marijuana at the premises after the permit was issued. It's evidence of one thing. It's not, as I think the defense would argue, something akin to diplomatic immunity where it entitles them to an immunity. I think when I was listening to counsel from the Eastern District of Washington, I thought at first we were on the same page with respect to the interpretation of this statute as applying to the DOJ's actions vis-a-vis states. But then I understood the argument to be that this is an exemption for anyone. It's an immunity, basically, for anyone who claims to be growing medical or selling medical marijuana to operate without regard to federal law. If it can be shown that the Department of Justice is preventing the state of Washington, for example, from implementing its medical marijuana law. But the problem is the reference to the state ultimately is a reference to the state's interest, what the state's interest is in this particular case. The state may not care about this prosecution. We'll never know. The district court will never know because the state's not a party. But if you concede that there is standing to invoke this statute, it seems to me you lose. No. There is standing for them to claim an injury under the statute. There is standing to get them in the door, Your Honor, but it doesn't mean that their interpretation of the statute is correct. I think that any interpretation other than a plain language interpretation would cause. Under your reading of the statute, plain language, what acts of state government can not be the subject of spending money by the federal government? Well, for example, if the state enacts further laws or tries to enforce laws that permit medical marijuana and the Department of Justice could not spend money to enjoin those laws, could not take those laws into court and say those are in conflict with the Controlled Substances Act, they should be enjoined. But does the federal government have the power to enjoin state laws? The federal government has the power to stop, to enforce the Controlled Substances Act. Which I gather they don't do. They didn't do it in Colorado. They didn't do it in Oregon. They didn't do it in Washington, three states that have retail marijuana stores. Well, which I think raises the question of what the whole purpose of this statute is supposed to be. Exactly. The purpose is to give people who are using medical marijuana exemption from prosecution. Well, but it doesn't say that, and the statute that was supposed to say that was never passed. So I think the only way to have this be a workable statute is to apply it according to its plain terms. And I'd ask the Court to affirm. Thank you. Thank you, Counsel. Mr. Zilbersmith, our questions took your opposing counsel over time, so I'll allow you two minutes in rebuttal. Or your designee. Can I speak for a minute and defer a minute also to my colleague? All right, sure. Yeah, thank you. One minute each. I think you're on. It is a right not to be tried under ABNY. It's a right not to be hailed into court. And the idea that there's possibly going to be more interlocutory appeals should not concern this Court, just as in ABNY and footnote 8, this Court can dismiss frivolous appeals. We're not talking about frivolous appeals. We're talking about defendants that have permits to do what the state wants them to do, to get medical marijuana to patients who have permits. The violations that the federal government are alleging against my client have nothing to do with getting medical marijuana to medical marijuana patients. They have to do with regulations that are ancillary. So what we think the standard should be is once the defense presents a prima facie case or some competent evidence that they are in compliance with medical marijuana, the intent of the statute is to get the federal government out. And if they want to refer the case to the state court for regulatory violations, they can do that. But they should not be in the business of doing this. And if I may defer to co-counsel. Thank you, counsel. Counsel, would you identify yourself for the record, please? Richard Wall for Tyler McKinley, who is one of the defendants in the Kinniston case. Your Honors, I appreciate the extra time. On behalf of my client, I would like to suggest there is a slightly different approach that can be taken to this in terms of deciding how to apply 538. Our position is that once there is evidence in the record, whether it's from the federal government or from the defendant, that indicates the defendant has a colorable claim, a non-frivolous claim, that they are engaged in a legal activity under state law, at that point federal prosecution must end. The reason being that just the prosecution itself is interfering with the ultimate goal, the implementation of state law, of getting this medicine into the hands of people who need it. Not only is it stopping the defendants themselves from doing what they were doing, and in our case we believe they were doing what the state wants them to do, but it discourages other people from doing that. So it's an interference with implementation of the law. Very well. Thank you, Counsel. Before submitting this case, we want to confer for just a moment. I don't know why we asked them to keep us posted on the status of 538. The Court would like Counsel from both sides to confer any time after midnight Friday night as to the status of Section 538. And if you could please do that and notify the Clerk of Court as soon as that becomes clear, we would appreciate it very much and then we'll be advised on whether or not the statute is still in effect. And if there is a further statute which is designed to take effect either on the 11th or sometime afterward, please notify us of that as well. Thank you. The case just argued will be submitted for decision and the Court will adjourn.
judges: O'scannlain, Silverman, Bea